After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of alcohol (OUI).[2] On appeal, he claims that an error in the judge's preliminary jury instructions resulted in a substantial risk of a miscarriage of justice. We affirm.
Prior to opening statements and hearing testimony, the judge explained the mechanics of the trial to the jury. Relative to objections, he stated:
"If I agree with an objection to a question the term I'll use is sustained. You are [to] disregard that question and you're not to speculate as to what the answer may or may not have been. In the same way, you are to disregard any evidence that I tell you is stricken from the record. If I reject or overrule an objection I'm going to permit the witness to answer and you may not consider that answer and you're not to give that answer any more weight than you would have if no objection had been made" (emphasis supplied).
There was no objection to this instruction, and thus, we review to determine if there was any error, and if so, whether that error created a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 297 (2002).
To make this determination, we ask four questions:
"(1) Was there error? (2) Was the defendant prejudiced by the error? (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? (4) May we infer from the record that counsel's failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?"
Id. at 298 (citations omitted). "Only if the answer to all four questions is 'yes' may we grant relief." Ibid. Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 693 (2015).
Despite the Commonwealth's argument that the charge read as a whole left the jury with a proper understanding of objected-to evidence, see Commonwealth v. Grant, 418 Mass. 76, 85 (1994) ("adequacy of instructions must be determined in light of their over-all impact on the jury" [quotation omitted] ), it was error to instruct the jury that they could not consider a witness's answer to a question that was the subject of an overruled objection. See Commonwealth v. Cameron, 385 Mass. 660, 668 (1982) ("Jurors are expected to follow instructions to disregard matters withdrawn from their consideration").
Although we conclude there was error, when we consider the error in the context of the entire trial, it would not be reasonable to conclude that the error prejudiced the defendant or materially influenced the verdict. See Randolph, supra at 299-300. The defendant points to two incidents where he claims an overruled objection on cross-examination risked a miscarriage of justice. First, the defendant asked the first officer whether the defendant slurred less in the booking video than he had at roadside. The prosecutor objected, which was overruled, and the officer responded that the defendant slurred less in the video. However, prior to objection, the officer had already (on more than one occasion), described the defendant's level of slurring, including that he slurred less in the video. Indeed, the prosecutor's objection was that the question had been asked and answered.
Second, when the defendant asked the same officer whether mixing medications and alcohol would affect sobriety, the officer replied that he could not testify to that. After the officer's answer, the judge overruled the prosecutor's late objection. However, prior to this exchange, defense counsel had elicited that the officer did not ask the defendant what medication he was taking for his multiple sclerosis. Also, after the overruled question, defense counsel elicited that it does matter whether someone is taking medication. Given the point of the inquiry -- how the defendant's medication could have caused his symptoms of impairment -- the defendant was not prejudiced and the verdict was not materially influenced in light of the other salient facts the jury heard on the matter before and after the overruled objection.
Another evaluation of prejudice to the defendant requires us to look at the strength of the Commonwealth's case. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). Although not overwhelming, due to the absence of field sobriety tests or breathalyzer results, the evidence supporting the defendant's guilt was abundant. He was driving at a rate well in excess of the posted speed limit, had difficulty following the officer's instructions to produce the proper documents upon being stopped, avoided eye contact and shook excessively, slurred his speech, had bloodshot and glassy eyes, was unsteady on his feet, and had the smell of alcohol emanating from his person. There were alcohol containers in the car, including at least one that appeared to have been consumed recently, as well as an admission from the defendant that he had consumed one to two alcoholic beverages earlier. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 543-545 (2008). Because we do not answer all four of the Randolph inquires in the affirmative, there is no substantial risk that justice miscarried. See Randolph, 438 Mass. at 298 ; Commonwealth v. Arias, 84 Mass. App. Ct. 454, 469 (2013).[3]
Judgment affirmed.

The defendant was also found guilty of negligent operation of a motor vehicle, but a judgment notwithstanding the verdict was entered on that verdict without objection from the Commonwealth.

The defendant also claims that the judge's instruction on field sobriety tests, where no such tests were conducted, and his instruction on inconsistent statements, which he claims was "not an error," contributed to the substantial risk that justice miscarried. We disagree. First, both arguments are presented in a conclusory fashion without supporting authority and are, therefore, waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Second, even if not waived, we fail to see how either harmed the defendant, let alone created a substantial risk of a miscarriage of justice.